PER CURIAM.
¶ 1 Barry Donohoo, pro se, appeals from a summary judgment dismissing his lawsuit against Douglas County, and county employees Steven Rannenberg and Susan Sandvick (the County).[1] Donohoo alleged compensatory and punitive damages arising out of a zoning permit application process. Donohoo challenges the circuit court's determination that his lawsuit was barred by the doctrine of claim preclusion. Donohoo also contends the court erred by denying his requests for substitution of judge and change of venue. We affirm on the issues of substitution and venue. However, we conclude claim preclusion is inapplicable to the facts of this case. We therefore reverse on that issue and remand for further proceedings.
¶ 2 Donohoo filed a land use permit application with the County to construct an addition to his lakefront home. However, shortly after filing his permit application, Donohoo learned that a recently enacted state law restricted local authorities from enacting shoreland ordinances that were more restrictive than Wisconsin Department of Natural Resources (DNR) regulations. Believing the new state law trumped the County's ordinances, Donohoo notified the County that he was withdrawing his permit application, and Donohoo subsequently submitted a revised permit application in which he proposed a significantly greater addition to his home. The County was uncertain whether Donohoo's revised application violated County ordinances, DNR regulations, or the new state law. The County therefore sought guidance from the DNR. Legal counsel for the DNR opined that although the new law no longer permitted the County to have more restrictive shoreland zoning ordinances than those contained in DNR regulations, the County's ordinance limitations were not prohibited by the new law. The County therefore denied Donohoo's permit request on the grounds that his proposal exceeded County zoning limitations on construction of shoreline property.
¶ 3 Donohoo then appealed the denial of his permit to the County Board of Adjustment. After the Board upheld the denial, Donohoo filed a petition for writ of certiorari with the circuit court, challenging the Board's decision to uphold the denial of his permit application. Before the court had addressed the merits of Donohoo's certiorari petition, the County amended its shoreland zoning ordinances to conform with the new state law and DNR regulations, and the County ultimately issued a land use permit to Donohoo.
¶ 4 Neither party adequately explains what happened with Donohoo's certiorari petition, but it is undisputed that the certiorari action was ultimately dismissed and the merits of the petition were never reached. However, the circuit court issued a written decision in the certiorari action denying Donohoo's request for fees under WIS. STAT. § 59.694(14) (2015-16).[2] The court concluded there was no evidence the Board acted with malice, in bad faith, or with gross negligence in denying Donohoo's administrative appeal. Rather, the court found that the record showed the Board may have "misinterpreted the newly enacted state law when it relied upon the advice of its Zoning Administrator and the DNR." Donohoo did not appeal the circuit court's decision.
¶ 5 Nevertheless, Donohoo filed a federal lawsuit, contending the initial denial of his permit request, as well as the subsequent actions taken by County officials, violated his constitutional rights under the Fifth Amendment Takings Clause, as well as the Fourteenth Amendment Equal Protection and Due Process Clauses. The federal district court granted summary judgment in favor of the County. The district court determined that the claim under the Takings Clause failed because Donohoo provided no evidence that the County deprived him of any property or the practical use of any property. The district court added that even if there were a taking, Donohoo could not bring a federal claim because he had not pursued state remedies. The district court noted the focus of Donohoo's claim "actually seems to be that defendants failed to apply the new state law, Act 170, despite knowing that it trumped local shoreland zoning ordinances." The court concluded that even assuming the County violated state law by rejecting his initial permit request, an error of state law was not a due process violation. The district court further concluded a failure to apply this new state law would not implicate any other substantive constitutional right. In addition, the district court noted Donohoo did not allege that state law remedies were inadequate, and any such allegation would be groundless in any event.
¶ 6 Donohoo then filed a postjudgment motion claiming the district court committed a manifest error of law by framing his dispute as one about zoning rather than due process. The district court denied the motion, concluding that no matter how a plaintiff labels an objectionable land use decision, recourse must be made to state rather than federal courts.
¶ 7 The Seventh Circuit Court of Appeals affirmed for substantially the same reasons stated by the district court, noting the district court had concluded "that this was a matter for local land use agencies or the state court...." The Seventh Circuit further stated:
The district court granted the defendants' motion for summary judgment, concluding that Donohoo failed to make any meaningful legal arguments or identify any material factual dispute in the record. The court determined that the claim under the Takings Clause failed because Donohoo provided no evidence that Douglas County deprived him of property or the practical uses of the property. And even if there were a taking, the court added, Donohoo could not bring a federal claim because he had not pursued state remedies.
¶ 8 Donohoo then filed the present action. Donohoo argues on appeal that the circuit court erred by applying claim preclusion to dismiss his claims on summary judgment. In particular, he argues the causes of action in the present action were not decided by any court in prior litigation, and there is a lack of identity of causes of action between the present case and prior litigation. He also claims there are exceptions to claim preclusion applicable to this case. In addition, Donohoo argues the circuit court erred by denying his requests for judicial substitution and change of venue.
¶ 9 We initially address Donohoo's argument that the circuit court erroneously denied his motions for judicial substitution and change of venue. Pursuant to the unambiguous provisions of WIS. STAT. § 801.58(1), a written request by a plaintiff for a substitution of the judge assigned to the case shall be filed not later than sixty days after the summons and complaint are filed. Donohoo's request for substitution of judge was untimely filed more than ninety days beyond the statutory limit. The circuit court correctly found the request untimely, and the court's decision was properly affirmed by the Chief Judge of the 10th Judicial District.
¶ 10 Regarding Donohoo's request for a discretionary change of venue under WIS. STAT. § 801.52, Donohoo argues the interests of justice required the case to be heard in another venue. Donohoo insists potential jurors in Douglas County could not render a fair and unbiased verdict because they may have similar issues arise and would fear retaliation if they rendered a verdict against the County. Donohoo further claims jurors may be placed in "awkward and difficult positions against elected officials and county employees" when seeking permits or licenses in the future. However, the circuit court properly exercised its discretion by determining there was no evidence to support Donohoo's claims of juror bias or pretrial publicity, other than speculation by Donohoo. We affirm the court's determinations concerning judicial substitution and discretionary change of venue.
¶ 11 We now turn to the issue of claim preclusion. Whether claim preclusion applies to a given set of facts is a question of law we decide independently. Menard, Inc. v. Liteway Lighting Prods. , 2005 WI 98, ¶ 23, 282 Wis. 2d 582, 698 N.W.2d 738. Claim preclusion has three elements: (1) an identity between the parties or their privies in the prior and present lawsuits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction. See Lindas v. Cady , 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994).
¶ 12 Donohoo concedes the first element of claim preclusion is satisfied, as the individual defendants in the present case were named as parties in the federal court action and the County is in privity with the individual defendants. Regarding the second element, Donohoo argues the causes of action are not identical and he insists his present lawsuit alleges "fraudulent activities" not known to Donohoo at the time of the filing of the federal lawsuit or the certiorari action.[3] According to Donohoo, this "newly disclosed information" formed the basis for the allegations in the present action, including causes of action "based on slander of title, fraudulent alterations of the land use permit, failure to respond to the writ and destruction of documents." Therefore, Donohoo contends the present claims could not have been asserted in prior litigation.
¶ 13 We need not further address the second element of claim preclusion because we conclude the third element-a final judgment on the merits-was not satisfied. Although there was a final judgment in the federal action, the district court only reached the merits of the constitutional claims, concluding disputes in Wisconsin between county officials and a landowner seeking a land use permit to construct an addition to his lakefront home were "for local land use agencies or the state court." The district court concluded that even if there was a constitutional violation, Donohoo could not bring a federal claim because he had not pursued state remedies. As the court stated:
[A]ny constitutional challenge to a local land use decision must be considered in light of the principle that "zoning laws and their provisions, long considered essential to effective urban planning, are peculiarly within the province of state and local legislative authorities." For this reason, property owners dissatisfied with a local land use decision generally must appeal to local land use agencies or state court for relief.
(Citations omitted.)
¶ 14 Quite simply, the federal court decision did not reach the merits of state law causes of action. It would make no sense that a federal court should determine Donohoo could not bring a federal claim because he failed to seek recourse in state court, only to have the dismissal of the federal case operate as a preclusive bar to state court. As such, we conclude Donohoo was not precluded by the doctrine of claim preclusion from asserting the present action. We therefore reverse on the issue of claim preclusion and remand for further proceedings.[4] We render no opinion on the validity of any of Donohoo's present causes of action, nor do we determine whether any issue may otherwise be precluded.[5] We only conclude that claim preclusion does not apply to the facts of this case.
By the Court. -Judgment affirmed in part; reversed in part and cause remanded for further proceedings.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Donohoo does not indicate whether his claims against the County employees are in their official capacity; however, we discern his complaint to allege only actions taken as part of the employees' job functions. See Northern States Power Co. v. Bugher , 189 Wis. 2d 541, 551-52, 525 N.W.2d 723 (1995). Accordingly, we will refer to the Respondents collectively as "the County."

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Donohoo insists that "after learning of the fraudulent activities, Donohoo did prepare an amended complaint in the Federal Court setting forth those facts, which amended complaint was opposed by Respondents on the basis that it was a matter for the state courts." In support of this contention, Donohoo cites Exhibit B to the affidavit of Andrew P. Smith, entitled "Plaintiff's Motion For Leave To File First Amended Complaint." However, the exhibit states the County's objection to the proposed amendment was, "You need leave of the court to amend your pleadings at this stage." We also note Donohoo fails to conform to the requirements of Wis. Stat. Rule 809.19(1)(i) by using party designations rather than names.

Given our decision that claim preclusion does not apply to the facts of this case, we need not address Donohoo's argument that "exceptions to the doctrine of claim preclusion would preclude the application of the doctrine."

We note one of the County's contentions in its brief in support of summary judgment was that "[t]he only unique aspect of the plaintiff's Complaint is his assertion that defendants Sandvick and Rannenberg are guilty of violating Wisconsin Statute § 946.12." The County argued Donohoo's allegations were conclusory in this regard, and also that the plain language of the statute demonstrated that Donohoo was not authorized to pursue a private cause of action for malfeasance in office. Because the circuit court in the present action granted summary judgment on the basis of claim preclusion, it did not address whether Donohoo's allegations were conclusory, whether the only unique aspects of the present complaint were violations of § 946.12, or whether § 946.12 authorizes a private cause of action. Furthermore, the record on appeal is unclear as to the underlying allegations of the certiorari action, and we cannot determine whether, or to what extent, any issues in the present action may be precluded.